**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4947**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

NATHANIEL SHAREEF MANNING,

             Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., Senior District Judge. (1:98-cr-00128-JAB-1)

Submitted: May 19, 2015                 Decided: June 1, 2015

Before SHEDD, FLOYD, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William S. Trivette, WILLIAM S. TRIVETTE, ATTORNEY AT LAW, PLLC, Greensboro, North Carolina, for Appellant. Eric Lloyd Iverson, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nathaniel Shareef Manning appeals the district court's judgment revoking his term of supervised release and sentencing him to 12 months' imprisonment and 12 months of supervised release. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the sentence is substantively unreasonable. Following our careful review of the record, we affirm.

A district court's judgment revoking supervised release and imposing a term of imprisonment is reviewed for abuse of discretion. United States v. Pregent, 190 F.3d 279, 282 (4th Cir. 1999). The district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2012); United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). We conclude that the district court did not abuse its discretion in finding that Manning violated the conditions of his supervised release, as the evidence presented at the hearing supported the district court's finding that Manning committed two new state crimes.

Counsel questions whether the sentence imposed is reasonable. "A district court has broad discretion when imposing a sentence upon revocation of supervised release." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). We

will affirm a revocation sentence if it falls within the prescribed statutory range and is not plainly unreasonable. Id. In making this determination, we first consider whether the sentence imposed is procedurally or substantively unreasonable, applying the same general considerations employed in review of original criminal sentences. United State v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006). Only if we find the sentence unreasonable will we consider whether it is "plainly so." Webb, 738 F.3d at 640 (internal quotation marks omitted).

A revocation sentence is procedurally reasonable if the district court considered the Guidelines' Chapter Seven advisory policy statements and the 18 U.S.C. § 3553(a) (2012) factors applicable to the supervised release revocation context, see 18 U.S.C. § 3583(e); Webb, 738 F.3d at 641, and provided sufficient explanation for the sentence imposed, see United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). A revocation sentence is substantively reasonable if the district court states a proper basis for concluding that the defendant should receive the sentence imposed. Crudup, 461 F.3d at 440. Our review of the record reveals no procedural or substantive error by the district court. We thus conclude that Manning's sentence is not plainly unreasonable.

In accordance with Anders, we have reviewed the record and have found no meritorious issues for appeal. We therefore affirm the district court's judgment.

This court requires that counsel inform Manning, in writing, of the right to petition the Supreme Court of the United States for further review. If Manning requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Manning.

We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

AFFIRMED